```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

BENJAMIN ALVARADO,

      Plaintiff,

v.                                Case No. 8:14-cv-447-T-33TGW

CREDIT PROTECTION
ASSOCIATION, L.P.,

      Defendant.
_____/
```

**ORDER**

This cause comes before the Court in consideration of Defendant Credit Protection Association, L.P.'s Amended Motion to Strike/Motion in Limine to Exclude Evidence of Confidential Settlement Communication (Doc. # 33), filed on February 4, 2015. Plaintiff Benjamin Alvarado filed a response in opposition thereto on February 18, 2015. (Doc. # 40). For the reasons that follow, the Court denies the Motion.

**I.   Background**

Plaintiff initiated this action on February 21, 2014. (See Doc. # 1). According to Plaintiff, Defendant – a debt collector – "used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone. . . ." (Id. at ¶¶ 7, 10). Plaintiff submits that "Defendant left partial pre-

recorded messages on Plaintiff's voice mail on his cellular telephone in which Defendant failed to inform Plaintiff that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and failed to disclose Defendant's name." (Id. at ¶ 11).

On September 24, 2013, Plaintiff's counsel wrote Defendant on behalf of Plaintiff ("September Letter"), which Defendant received on September 27, 2013. (Id. at ¶¶ 13-14). The September Letter notified Defendant that Plaintiff was represented by counsel and "inform[ed] Defendant that Defendant's use of an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone is in violation of" the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq*. ("TCPA"). (Id. at ¶¶ 15-16). Enclosed with the September Letter was a draft complaint ("Draft Complaint"), setting forth how, according to Plaintiff, Defendant violated the TCPA and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d (6) and 1692e(11). (See Doc. # 40-2).

According to Plaintiff, "[d]espite knowledge that Plaintiff was represented by an attorney and that its use of an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's

2

cellular telephone was . . . in violation of the TCPA, Defendant continued to use an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone," in violation of the FDCPA and Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA"). (Doc. # 1 at ¶ 17); see 15 U.S.C. § 1692c(a)(2); Fla. Stat. § 559.72(18). Defendant's continued communication directly with Plaintiff after receipt of the September Letter gave rise to new claims under the FDCPA and FCCPA that were not the basis of the September Letter. (See Doc. # 1). These claims are now part of the present action. (See Id.).

Defendant filed the present Motion on February 4, 2015, seeking an Order (1) striking the September Letter from Plaintiff's Complaint and all allegations of the Complaint making reference to the September Letter and (2) "precluding Plaintiff and his counsel and witnesses, from introducing any evidence of, referring to, interrogating any witness about, commenting on, attempting to suggest in any way, or otherwise offering into evidence any and all testimony, references to testimony, or argument regarding any witness testimony, documentary evidence, or argument relating to the furnishing

3

or contents of the confidential [September] Letter." (See Doc. # 33).

## II. Legal Standard

### A. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### B. Motion in Limine

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273,

1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted). Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her] broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

### III. Discussion

Defendant argues that the September Letter, as well as every allegation of the Complaint making reference to the September Letter, must be stricken pursuant to Rule 408 of the Federal Rules of Evidence, which prohibits the

introduction of evidence relating to confidential settlement communications. (See Doc. # 33). Rule 408 states:

> (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

As an initial matter, Defendant points to the bold font contained at the top of the September Letter: "**CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY**" to establish that Plaintiff's counsel "clearly intended the statements in the [September] Letter 'to be part of the negotiations toward compromise,'" and "the entire purpose of the letter was to inquire whether

6

Defendant would like to 'explore the possibility of resolving this matter prior to expending additional time or money prosecuting or defending this lawsuit.'" (Doc. # 33 at 4)(citing <u>Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.</u>, No. 8:06-cv-421-T-33EAJ, 2008 WL 4080205, at *2 (M.D. Fla. Aug. 28, 2008)("While an attorney's label on a document may not always afford the protection that the attorney seeks to garner for such document, marking a document as a Confidential Offer to Compromise helps courts decide whether the document was intended to be a part of the negotiations toward compromise.")(internal quotations omitted)). Thus, Defendant suggests that it would be "fundamentally unfair an unduly prejudicial" for the Court to "allow Plaintiff to use the [September] Letter as evidence against Defendant when [Plaintiff's counsel] initially represented to Defendant that the September Letter was intended '**FOR SETTLEMENT PURPOSES ONLY.**'" (<u>Id.</u> at 5)(emphasis in original).

Defendant further argues that the only relevance the September Letter has is to help prove the validity of Plaintiff's claims under the FDCPA and FCCPA. (<u>Id.</u> at 2). Namely, Counts I and IV of the Complaint allege that Defendant violated 15 U.S.C. § 1692c(a)(2) and Fla. Stat. § 559.72(18)

7

by "attempting to communicate with Plaintiff despite its knowledge that Plaintiff was represented by an attorney with respect to a particular debt." (Id.). Defendant submits that "[a]lthough the letter does not make reference to any specific debt, Plaintiff is attempting to use the [September] Letter as evidence to prove that he was represented by an attorney with respect to the particular debt at issue." (Id.). Therefore, Defendant argues that the September Letter is barred by Rule 408. (See Doc. # 33).

Upon review of the September Letter, and the materials submitted by the parties, the Court finds that the balance of considerations in this case weighs against striking the September Letter. In arriving at that conclusion, the Court is mindful of the importance of Rule 408; namely, the "promotion of public policy favoring the compromise and settlement of disputes." Specialized Transp. of Tampa Bay, Inc., 2008 WL 4080205, at *2. However, under the present circumstances, the Court finds that the September Letter falls outside the scope of Rule 408.

Although the September Letter contains language regarding the "possibility of resolving this matter prior to expending additional time or money in prosecuting or defending this suit," Plaintiff is not offering the September

8

Letter to prove Defendant's liability for or the validity of the claims relevant to the September Letter. Rather, Plaintiff is offering the September Letter to prove that Defendant had knowledge that Plaintiff was represented by counsel, which gave rise to the additional FDCPA and FCCPA claims that are now part of the present action.

The Draft Complaint asserted that Defendant had violated the TCPA and FDCPA by failing to make required disclosures in its voicemail messages to Plaintiff and by calling Plaintiff with an automatic telephone dialing system or prerecorded voice without the prior consent of the Plaintiff. (See Doc. # 40-2). The Complaint, however, asserts additional FDCPA and FCCPA claims based on Defendant's alleged communication with Plaintiff after obtaining knowledge that Plaintiff was represented by counsel. These claims arose after the issuance of the September Letter, and are independent of the claims contained in the Draft Complaint. Because the September Letter is being offered for "another purpose" – Defendant's knowledge that Plaintiff was represented by an attorney - it falls within section (b) of Rule 408, enumerating the exceptions to the Rule.

The Court is mindful that the September Letter contains the language: **"CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY."**

9

However, this Court finds that such language alone is insufficient to exclude the September Letter under Rule 408. "When confronted with a motion to strike based on inadmissibility, a court should consider whether there is any possibility that the pleading *could form* the basis for admissible evidence." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1369 (S.D. Fla. 2004)(internal quotation omitted)(emphasis added). Even though the September Letter contains the referenced language, Plaintiff has not offered any statement made by Defendant during settlement negotiations against Defendant. Rather, Plaintiff "is only attempting to offer [his] own statement that he was represented by an attorney." (Doc. # 40 at 6). Thus, the Court finds that the September Letter falls outside "the protections usually afforded to the products of settlement negotiations." Agan, 328 F. Supp. 2d at 1369. For the reasons set forth above, Defendant's Motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Credit Protection Association, L.P.'s Amended Motion to Strike/Motion in Limine to Exclude Evidence of Confidential Settlement Communication (Doc. # 33) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of February, 2015.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record